FILED

Apr 15 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov
    waqar.hasib@usdoj.gov
    robert.leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 20-MJ-70028 MAG |
| Plaintiff, | ) |
| v. | ) STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME FROM APRIL 16, 2020 TO MAY 21, 2020; ORDER |
| MOHAMMED COLIN NURU and NICK JAMES BOVIS, | ) |
| Defendants. | ) |

    The parties appeared for a status hearing on February 27, 2020 and the matter was continued and time was excluded to March 19, 2020.  The court granted a subsequent continuance to April 16, 2020 in light of the COVID 19 pandemic and shelter-in-place orders for the City and County of San Francisco and surrounding areas.  In light of ongoing shelter-in-place orders, the parties now request that the matter be continued to May 21, 2020.

    It is further stipulated by and between counsel for the United States and counsel for the defendants, Mohammed Nuru and Nick Bovis, that time be excluded under the Speedy Trial Act from

STIPULATION TO EXCLUDE TIME AND ORDER
CR 20-MJ-70028 MAG

April 16, 2020 through May 21, 2020.  Each defendant waives the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure through May 21, 2020.  Pursuant to stipulations, the Court previously excluded time under the Speedy Trial Act through and including April 16, 2020, in light of the complexity of the case – which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents – the time available for indictment, and for effective preparation of counsel.

For the same reasons, the parties stipulate and agree that excluding time from April 16, 2020 through and including May 21, 2020 will allow for the effective preparation of counsel and is appropriate based on the complexity of the case and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding the time from April 16, 2020 through and including May 21, 2020 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

SO STIPULATED.

DATED: April 14, 2020                                  /s/
                                                                    SCOTT D. JOINER
                                                                    S. WAQAR HASIB
                                                                    Assistant United States Attorneys

DATED: April 14, 2020                                  /s/
                                                                    ISMAIL RAMSEY
                                                                    RAMSEY & EHRLICH, LLP
                                                                    Counsel for Defendant Mohammed Nuru

STIPULATION TO EXCLUDE TIME AND ORDER CR 20-
MJ-70028 MAG

DATED: April 14, 2020

                        /s/
MICHAEL STEPANIAN
GILBERT EISENBERG
Counsel for Defendant Nick Bovis

STIPULATION TO EXCLUDE TIME AND ORDER CR 20-MJ-70028 MAG

**ORDER**

Pursuant to stipulation, the appearance currently set for April 16, 2020 is HEREBY CONTINUED to May 21, 2020.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court further finds that failing to exclude the time from April 16, 2020 through and including May 21, 2020, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from April 16, 2020 through and including May 21, 2020, is appropriate in light of the complexity of the case, which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from April 16, 2020 through and including May 21, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from April 16, 2020 through and including May 21, 2020 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A),

//
//
//
//
//

ORDER EXCLUDING TIME CR 20-
MJ-70028 MAG

1  (B)(ii)-(iv).  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of
2  the Federal Rules of Criminal Procedure.
3       IT IS SO ORDERED.

5  DATED: ___April 15, 2020___       GRANTED

                                                                     Judge Nathanael M. Cousins

                                                                     MAGISTRATE JUDGE

ORDER EXCLUDING TIME CR 20-
MJ-70028 MAG