DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov
    waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MOHAMMED COLIN NURU, <br><br> Defendant. | NO. CR 20-MJ-70028 <br> NO. CR 20-MJ-70076 <br><br> STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME FROM JULY 29, 2020 TO AUGUST 27, 2020; [PROPOSED] ORDER |

The parties appeared for a status hearing on the above-referenced matters on February 27, 2020, and they were continued and time excluded to March 19, 2020. The court granted subsequent continuances to July 29, 2020, in light of the COVID 19 pandemic and shelter-in-place orders for the City and County of San Francisco and State of California. In light of ongoing limitations on in-person meetings and court appearances, the parties now request that the matters be continued to August 27, 2020.

It is further stipulated by and between counsel for the United States and counsel for defendant Mohammed Nuru, that time be excluded under the Speedy Trial Act from July 29, 2020 through August

27, 2020. Defendant Nuru waives the time for a preliminary hearing on each Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure through August 27, 2020. Pursuant to stipulation, the Court previously excluded time under the Speedy Trial Act through and including July 29, 2020, in light of the complexity of the cases – which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents – the time available for indictment, and for effective preparation of counsel.

For the same reasons, including the time available for indictment during the current pandemic and shelter-in-place orders, the parties stipulate and agree that excluding time from July 29, 2020 through August 27, 2020 in both matters, will allow for the effective preparation of counsel and is appropriate based on the complexity of the cases and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding the time from July 29, 2020 through August 27, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

SO STIPULATED.

DATED: July 28, 2020
/s/
SCOTT D. JOINER
Assistant United States Attorney

DATED: July 28, 2020
/s/
ISMAIL RAMSEY
RAMSEY & EHRLICH, LLP
Counsel for Defendant Mohammed Nuru

STIPULATION TO EXCLUDE TIME AND [PROPOSED] ORDER
CR 20-MJ-70028; CR 20-MJ-70076

**[PROPOSED] ORDER**

Pursuant to stipulation, the appearance currently set for July 29, 2020 is HEREBY CONTINUED to August 27, 2020.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from July 29, 2020 through August 27, 2020, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court also finds that excluding the time from July 29, 2020 through August 27, 2020, is appropriate in light of the complexity of the case, which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and shelter-in- place orders, within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from July 29, 2020 through August 27, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from July 29, 2020 through August 27, 2020, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

//
//
//
//

[PROPOSED] ORDER EXCLUDING TIME
CR 20-MJ-70028; CR 20-MJ-70076

1  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal
2  Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with
3  the consent of the Defendant through August 27, 2020.
4       IT IS SO ORDERED.

6  DATED: _____      _____
7                                                 HON. SALLIE KIM
                                               UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER EXCLUDING TIME
CR 20-MJ-70028; CR 20-MJ-70076